UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DARRYL D. MCGHEE,

    Plaintiff,

v.                                        Case No. 5:23-cv-164-TKW/MJF

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHAB, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff Darryl D. McGhee has filed a complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. Docs. 1, 4. Because McGhee is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*, the undersigned respectfully recommends that this case be dismissed without prejudice.

### I. BACKGROUND

    McGhee is an inmate of the Florida Department of Corrections ("FDC"). Doc. 1 at 2. McGhee is suing eight defendants, including the California Department of Corrections and Rehab, the California Division of Adult Parole Operations, and the FDC. *Id.* at 2–3, 14. McGhee apparently takes issues with a 2012 California state court's decision to impose consecutive terms of imprisonment after a jury convicted McGhee of two counts of forcible oral copulation. *See id.* at 20–21; Doc. 1-1 at 12–13. In October 2021, a jury in Florida state court convicted McGhee of one count of

failing to register as a sex offender. Doc. 1-1 at 13. These allegations somehow are related to McGhee's claims that Defendants violated the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Thirteenth, and Fourteenth Amendments. Doc. 1 at 14. As relief, McGhee requests damages and injunctive relief. Doc. 1-1 at 7–8.

## II. DISCUSSION

Under the so-called "three-strikes rule" in 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2020). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (noting that a "prisoner must pay the full filing fee at the time he initiates suit") (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)). But there is a narrow exception to the three-strikes rule: a prisoner who is otherwise barred from proceeding *in forma pauperis* may do so if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

McGhee has incurred at least three strikes under section 1915(g):

- *McGhee v. Archer*, No. 6:16-cv-1675-PGB/GJK, ECF No. 5 (M.D. Fla. Sept. 28, 2016) (dismissing McGhee's complaint because he failed to state a plausible claim for relief).

- *McGhee v. Cal. Dep't of Corr.*, No. 3:21-cv-915-TKW/EMT, ECF No. 9 (N.D. Fla. Sept. 20, 2021) (dismissing McGhee's complaint as malicious).

- *McGhee v. San Bernardino Cnty.*, No. 5:19-cv-910-VBF/JC, ECF No. 29 (C.D. Cal. May 13, 2022) (dismissing McGhee's complaint because he failed to state a plausible claim for relief).

Because he has incurred *at least* three strikes, McGhee may not litigate this case *in forma pauperis* unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown*, 387 F.3d at 1349. To fall within this exception, McGhee's complaint must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke section 1915(g)'s exception. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

McGhee's allegations, construed liberally, fail to make a colorable showing that he is under imminent danger of serious physical injury. His allegations apparently contest the legality of his current confinement. As an attempt to circumvent the imminent-danger requirement, McGhee alleges that he has "suffered and will continue to suffer physical injuries, humiliation, mental anguish and other injuries to [his] person." Doc. 1-1 at 6. But this allegation is too vague to plausibly suggest that McGhee is in imminent danger of serious physical injury. *Hafed*, 635 F.3d at 1179; *Martin*, 319 F.3d at 1050.

### III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action, under 28 U.S.C. § 1915(g), without prejudice to McGhee initiating a new case accompanied by the $402.00 fee in its entirety.

2. **DIRECT** the clerk of the court to terminate all pending motions and to close this case file.

At Pensacola, Florida, this 12th day of July, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**